BYE, Circuit Judge,
concurring in part, dissenting in part.
I fully concur in parts II.B and II.C, concur in the conclusion reached by the majority in part II.A, however respectfully dissent from most of part II.D. In regard to part II.A, I agree Vicky Meyers’s actions were constitutionally protected, but would not rely on the dicta in Meyers v. Nebraska Health & Human Servs., 324 F.3d 655, 659 (8th Cir.2003) (Meyers I), to reach this result. In regard to part II.D, I agree the magistrate judge properly entered judgment as a matter of law in favor of defendants Starke and Duncan, who did not have the authority to transfer Meyers, but disagree as to Carter, the defendant responsible for transferring Meyers.
Nothing has changed since our decision in Meyers I where we found “evidence of a considerable downward shift in skill level required to perform her new job responsibilities, coupled with evidence of a work load reduced to the degree supervisors had to find other ‘tasks’ to keep her busy, are sufficient to support a finding Meyers’s reassignment was a significant and material change in her employment conditions.” Id. at 660. At trial, the jury heard Meyers testify she did not have a full workload and her job responsibilities decreased significantly. The majority dismisses this testimony as a mere scintilla of evidence, inadequate to support a jury verdict. I would not classify the plaintiffs sworn testimony at trial a mere scintilla of evidence. A plaintiffs testimony often provides ample evidence to support a jury verdict. See Webner v. Titan Distrib. Inc., 267 F.3d 828, 836 (8th Cir.2001). In discrediting Meyers’s testimony the majority essentially usurps the jury’s role as factfinder. United States v. Martinez, 958 F.2d 217, *745 218 (8th Cir.1992) (“It is the sole province of the jury to weigh the credibility of a witness.”)- A significant number of jurors found her testimony to be compelling to the point it could not break the deadlock existing among them even after the announcement it could accept less than a unanimous verdict. I would therefore vacate the magistrate judge’s entry of judgment as a matter of law in favor of defendant Carter and remand for a new trial.